IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

UNITED STATES OF AMERICA,     )
                           )
         Plaintiff,     )
                           )
vs.                      )    Cv. No. 10-2108-JPM-dkv
                           )    Cr. No. 07-20309-01-JPM
                           )
DONALD LEE BURK,         )
                           )
         Defendant.     )

_____

REPORT AND RECOMMENDATION

_____

On February 13, 2009, the defendant, Donald Lee Burk, was sentenced to a term of imprisonment for one hundred eighty (180) months, to be followed by a three-year period of supervised release, for possession with the intent to distribute not less than fifty (50) kilograms of a mixture and substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  Now before the court is Burk's February 16, 2010 motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255,[1] in which Burk alleges

_____

[1]     Section 2255 states in part:

Federal custody; remedies on motion attacking sentence. A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

ineffective assistance of counsel.  The motion was referred to the United States Magistrate Judge to conduct an evidentiary hearing on the first and fourth issues presented in Burk's motion and to issue a report and recommendation.

The two issues raised in Burk's Section 2255 motion that are before this court are: (1) whether defense counsel operated under an actual conflict of interest; and (2) whether Burk was deprived of his right to appeal.

An evidentiary hearing was held on July 25, 2011.  At the hearing, Burk took the stand and testified on his own behalf.  The government did not call any witnesses to testify.  Based on the evidence presented at the hearing, the arguments of counsel, and briefs of the parties, the court proposes the following findings of fact and conclusions of law and recommends that Burk's motion be denied.

## I.  PROPOSED FINDINGS OF FACT

On October 4, 2007, Burk pled guilty to a criminal information charging him with possession with the intent to distribute not less than fifty (50) kilograms of a mixture and substance containing a detectable amount of marijuana.  On February 13, 2009, Burk was sentenced to a term of incarceration of one hundred eighty (180) months, to be followed by a three-year period of supervised release.

At the end of Burk's sentencing hearing, United States

District Court Judge Jon P. McCalla asked Burk if he wanted to appeal. Burk testified that he replied, "Not at this time" because when he asked his attorney, Frank A. Perez, what he should do, Perez told him to say no.

Burk conceded that he did not file a timely notice of appeal[2] even though Judge McCalla clearly informed him that he had ten days to appeal. According to Burk, he did not know how to file an appeal because Perez took his appeal papers with him after the sentencing hearing and did not consult with him about his right to appeal. Burk further testified that it was impossible to get in touch with Perez during the applicable appeal time because he did not have a PIN number to make phone calls from the federal detention center at Mason, Tennessee, where he was being detained. Burk's statement, however, is contradicted by the phone records from Mason. Pursuant to a defense subpoena, the phone records indicate that Burk called Perez on February 17, 2009, four days after he was sentenced. (D.E. 33-2.) On cross examination, Burk admitted that he never told Perez if he did or did not want to appeal.

Along with testifying that his attorney did not inform him of his right to appeal, Burk also testified that his attorney labored

---

[2]    On February 9, 2010, nearly one year after he was sentenced, Burk filed a *pro se* notice of appeal, which was subsequently dismissed as untimely by the Sixth Circuit Court of Appeals. *United States v. Burk*, No. 10-2127 (6th Cir. June 23, 2010).

under an conflict of interest. Burk stated that after he was arrested, three Texas attorneys showed up at the jail, ready to represent him and his co-defendants. According to Burk, Perez said that he was Burk's lawyer and was sent by Burk's boss, the head of the criminal operation in Juarez, Mexico. Burk testified that he never paid Perez to represent him. Burk also testified that Perez told him that it was good that he cooperate with the DEA and that he could give up the names of any co-conspirators in Memphis, but that he could not tell the DEA about his boss in Austin, Texas or in Juarez, Mexico. According to Burk, Perez has a familial connection with his boss in Austin, Texas; Perez is the grandfather of the Austin boss's child.

Burk admitted that he did not request a new attorney despite complaining of a conflict of interest. Additionally, Burk admitted that Perez filed three sentencing memoranda in an effort to downgrade his sentencing. When asked what he wanted Perez to do differently, Burk stated that it was a lack of what Perez did, not what he did wrong. Burk complained that Perez should have played a bigger part in helping him negotiate with the DEA.

## II.  PROPOSED CONCLUSIONS OF LAW

The two issues raised in Burk's motion that were considered at the evidentiary hearing are (1) whether Burk's attorney operated under an actual conflict of interest so as to render ineffective assistance of counsel; and (2) whether his attorney provided

4

ineffective assistance of counsel for failure to file a notice of appeal.

As the petitioner in a Section 2255 motion, Burk has the burden to demonstrate ineffective assistance of counsel by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). To show ineffective assistance of counsel, a petitioner must establish two elements: deficient performance and prejudice. *Ludwig v. United States*, 162 F.3d 456, 458 (6th Cir. 1998)(citing *Strickland*, 466 U.S. at 687). There is a strong presumption that "counsel's conduct falls within a wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). The court must find more than a mere deficiency in counsel's performance; rather, it must find that counsel's performance was deficient to the degree that it calls into question the overall fairness of the outcome of the trial. *Strickland*, 466 U.S. at 694.

A. Conflict of Interest

A criminal defendant has a constitutional right under the Sixth Amendment to expect that his attorney will represent him conflict-free. *See Gillard v. Mitchell*, 445 F.3d 883, 890 (6th Cir. 2006)(citing *Smith v. Anderson*, 689 F.2d 59, 62-63 (6th Cir. 1982)). In order to establish a violation of this right, the defendant must show that counsel had an actual conflict of interest. "An actual conflict, for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance."

*Mickens v. Taylor*, 535 U.S. 162, 172 n.5 (2002).

In the present case, Burk alleges that his attorney had a conflict of interest that inhibited him from cooperating with the government. Specifically, Burk argues that he could not trust Perez and believed that Perez's loyalties were divided because Perez was being paid by his old employer. In response, the government argues that Burk's claim must fail because he cannot demonstrate a conflict of interest or that Perez's performance was affected by the alleged conflict.

Despite whether Perez was paid by Burk's boss, Burk has not shown sufficient evidence that Perez's performance was influenced by his employer's interests. Burk merely alleges that Perez should have played a bigger role in helping him negotiate with the DEA. The record reflects however that Perez filed three sentencing memoranda, arguing for a variance based on the factors under 18 U.S.C. § 3553(a), and that Perez argued in the sentencing hearing that Burk cooperated with the government. Burk never requested a new attorney or noted his disapproval of his attorney with the court. Without evidence of prejudice, the court cannot find that Perez labored under an actual conflict of interest. As such, this court submits that Burk's claim of ineffective assistance of counsel due to a conflict of interest fails as a matter of law. *See Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980)("[U]ntil a defendant shows that his counsel *actively* represented conflicting

interests, he has not established the constitutional predicate for his claim of ineffective assistance.")(emphasis added).

B.    <u>Failure to File a Notice of Appeal</u>

Burk also claims that Perez provided ineffective assistance of counsel because he did not file a notice of appeal.  The Sixth Circuit has held that proof that the defendant expressed a desire to appeal his case to his attorneys is crucial to determining a violation of the Sixth Amendment.  *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998)("The Constitution does not require lawyers to advise their clients of the right to appeal.  Rather, the Constitution is only implicated when a defendant actually requests an appeal, and his counsel disregards the request.")(internal citations omitted).

Although Burk argues that Perez did not inform him of his right to appeal, he concedes that the sentencing judge clearly informed him that he had ten days to file an appeal.  Further, Burk testified at the evidentiary hearing that he never told Perez if he did or did not want to appeal.[3]  Based on Burk's own testimony, the court finds as fact that Burk did not affirmatively request Perez to file an appeal, an essential element of his claim.  Accordingly,

---

[3]    Perez swears in his affidavit that Burk called him four days after the sentencing hearing and told him that he did not want to appeal.  (Perez Aff., D.E. 5-3 at 2.)  The court however will not consider whether or not Burk expressed a desire to appeal based on Perez's affidavit because "issues of fact in a habeas corpus case may not be established by ex parte affidavits alone." *Anderson v. Johnson*, 371 F.2d 84, 94 (6th Cir. 1966).

this court submits that Burk's ineffective assistance of counsel claim for failure to file a notice of appeal fails as a matter of law and should be denied.

### III.   CONCLUSION

Based on the following reasons, this court recommends that Burk's Section 2255 motion to vacate sentence for ineffective assistance of counsel based on (1) conflict of interest and (2) failure to file an appeal be denied.

Respectfully submitted this 16th day of August, 2011.

> s/Diane K. Vescovo
> DIANE K. VESCOVO
> UNITED STATES MAGISTRATE JUDGE